# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                No. 2:23-CR-0858 RB

SAUL CASTORENA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on a Motion to Withdraw as Counsel, filed by Ramona J. Martinez, counsel for Saul Castorena. (Doc. 163.) The Court held a hearing on the motion on May 1, 2024. (Doc. 170.) For the reasons discussed at the hearing and in this Opinion, the Court will deny the motion without prejudice.

## I.      Procedural History

Saul Castorena was arrested on January 18, 2023. (*See* Doc. 1.) The Court appointed Orlando Mondragon as counsel on January 20, 2023. (Doc. 11.) Mondragon appeared on Castorena's behalf at a preliminary detention hearing on January 25, 2023. (Doc. 22.) On April 13, 2023, Mondragon filed an Unopposed Motion to Continue Time Limit for Filing of Indictment or Information, and alleged that the parties were engaging in plea negotiations. (Doc. 47.) He filed a second motion to continue on May 19, 2023, noting that the parties needed more time for plea negotiations. (Doc. 55.) The Court granted both motions. (Docs. 51; 59.)

On June 15, 2023, John Granberg and Russell Aboud moved to substitute counsel and entered an appearance on Castorena's behalf as privately retained counsel. (Docs. 63–64; 66.) The Court granted the motion. (Doc. 67.) Aboud appeared with Castorena at his June 23, 2023

arraignment. (Doc. 72.) On July 17, 2023, Aboud filed a motion to continue the call of the calendar/jury trial, noting that he had recently received discovery and needed time to discuss it with his client and the government and to engage in plea negotiations. (Doc. 80.) The Court granted the motion.  (Doc. 81.)

On October 3, 2023, the Government moved to continue the jury trial set for October 30, 2023. (Doc. 96.) The Government noted its intent to supersede the indictment, cited Castorena's attorney's need to review discovery, and also stated that it needed time to interview Steven Castorena's claimed alibi witnesses. (*Id.* at 2.) On October 4, 2023, the Government filed a Superseding Indictment. (Doc. 97.) The Court granted the motion to continue and set trial for November 27, 2023. (Docs. 99; 101.)

On October 17, 2023, Aboud and Granberg moved to withdraw as counsel, citing an irreconcilable conflict of interest. (Doc. 107.) At the Call of the Calendar, Aboud explained that he was moving to withdraw due to non-payment and non-communication. (Doc. 108.) The Court granted Aboud's motion to withdraw and appointed Greg Garvey. (Docs. 109–10.)

On October 26, 2023, Garvey moved to continue the trial setting. (Doc. 112; *see also* Doc. 114 (amended motion).) The Court granted the motion and set the trial to begin on February 26, 2024. (Doc. 115.)

Garvey filed a motion to suppress on November 12, 2023. (Doc. 116.) The Court set the Call of the Calendar for January 17, 2024, and a motion hearing on January 24, 2024. (Docs. 122; 126.) At the Call of the Calendar, the Government provided notice of its intent to supersede the indictment to add hostage-taking and conspiracy to commit hostage-taking. (Doc. 128.) Garvey said he was ready to proceed in the motion hearing. (*Id.*) The Government filed the Second Superseding Indictment on January 23, 2024. (Doc. 131.)

On January 24, 2024, the parties appeared at the motion to suppress hearing, and Garvey orally moved to withdraw, stating that Castorena wanted new counsel. (Doc. 129.) Castorena stated that he was not satisfied with Garvey, because Garvey blocked Castorena's daughters from calling and because he advised Castorena to sign a plea agreement that he did not want to sign. (*Id.*) The Court informed Castorena that while he has a right to counsel, he has no right to pick and choose among counsel.[1] (Tr. at 6.) The Court directed him to "make it work" with his next appointed attorney and warned him that there would be a problem if he did not. (*Id.* at 6–7.)

The United States moved to continue trial. (Doc. 135.) The Court granted the motion and reset trial to begin March 25, 2024. (Doc. 140.) The Court appointed Ramona Martinez on February 7, 2024. (Doc. 141.) Following the Call of the Calendar on February 14, 2024, Martinez moved to continue trial. (Docs. 144–45; 147.) The Court granted the motion, setting trial to begin May 20, 2024. (Doc. 149.) At the Call of the Calendar, the Court advised Castorena to cooperate with Martinez, as no further counsel will be appointed. (Doc. 144 at 2.) The Court also advised counsel to prepare for trial, as this matter has been pending for too long and the Court is not inclined to grant additional continuances. (*Id.*)

Martinez filed her motion to withdraw on April 25, 2024, citing a breakdown in the attorney-client relationship. (Doc. 163.) The Court held a hearing on May 1, 2024. (Doc. 170.)

## II.     Analysis

The Court will deny the motion to withdraw at this time. At the hearing, the Court asked Castorena to explain his understanding of the problem Martinez raised in her motion. Castorena responded that Martinez is advising him to sign the plea agreement, and he does not want to. He also wants her to argue the motion to suppress. The Court explained that while Castorena enjoys a

---

[1] The Court's citations here are to a rough transcript of the hearing that has not been filed on the docket.

right to counsel, he does not have a right to tell the attorney exactly how to represent him. Further, while Martinez will do her best to give him accurate legal advice, Castorena is free to accept or reject that advice.

Martinez stated that it appears Castorena is focused on the outcome of the motion to suppress. Martinez has tried to explain to him that even if the Court rules in his favor on the motion, the case will still go forward to trial. Moreover, she has explained the charges and potential consequences if he is found guilty after the trial and encouraged him to sign the plea agreement. Still, he persists in focusing on the suppression motion.

Having heard from Castorena and Martinez at the hearing, the Court finds that the attorney-client relationship is not irretrievably broken. The Court finds that Castorena's refusal to cooperate with Martinez, who the Court knows to be a competent and effective attorney, is groundless. Castorena has not established good cause to seek a fifth attorney in this case. The Court warned Castorena that if he refuses to cooperate with Martinez, the Court will interpret his refusal as a voluntary waiver of the right to counsel and a choice to represent himself pro se at trial. *See, e.g.*, *United States v. Williamson*, 859 F.3d 843, 862 (10th Cir. 2017) ("[a] defendant may waive the right to counsel through an affirmative request or 'by his conduct, particularly when that conduct consists of tactics designed to delay the proceedings'") (quoting *United States v. Hughes*, 191 F.3d 1317, 1323 (10th Cir. 1999)).

The Court further sought to ensure that Castorena understands that any waiver of counsel is knowing and intelligent. *See United States v. Hamett*, 961 F.3d 1249, 1255 (10th Cir. 2020); *Faretta v. California*, 422 U.S. 806 (1975). Counsel for the Government advised Castorena of the pending charges and the possible sentences and penalties. The Court discussed the great risks of appearing at motion hearings and at trial pro se and warned Castorena that he will be expected to

know and comply with all relevant procedural and legal rules if he proceeds pro se. Castorena

agreed to  cooperate with Martinez.

      **IT IS THEREFORE ORDERED** that the Motion to Withdraw (Doc. 163) is **DENIED**

without prejudice.

_____

ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE