IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                           23-cr-0858 RB

SAUL CASTORENA, and
STEVEN CASTORENA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the United States' Notice of Other Acts Evidence Pursuant to Rule 404(b) and Intent to Use Impeachment Pursuant to Rule 609(a)(1) as to both Saul Castorena and Steven Castorena. (Docs. 152–53.) Saul and Steven Castorena are charged with conspiracy, hostage taking, and harboring illegal aliens. (*See* Doc. 132 at 1–3.) Saul Castorena is also charged with being a felon in possession of a firearm and ammunition and with possessing a firearm not registered in the National Firearms Registration and Transfer Record. (*Id.* at 3–4.) A jury trial is set to begin May 20, 2024. (Doc. 156.)

The Government intends to introduce evidence of the Defendants' previous convictions to show proof of knowledge or absence of mistake or accident; and, if either Defendant testifies at trial, evidence of the prior convictions for impeachment purposes. (*See* Docs. 152–53.) Neither Defendant filed a brief in opposition. Having reviewed the motions and the relevant law, the Court will allow introduction of the evidence under Rule 404(b) and will reserve ruling on whether the Government may impeach either Defendant with evidence of the prior convictions.

**I.**     **Factual and Procedural Background**

The Court will briefly recite the facts underlying the charges as outlined in the

Government's motions and the Complaint and Amended Search Warrant. (Docs. 1; 152–53.)

On January 18, 2023, United States Border Patrol agents apprehended four individuals in El Paso, Texas. (*See* Doc. 1 at 2.) The agents determined the individuals were citizens of another country and were not legally authorized to be in the United States. (*Id.*) The individuals informed the agents "they had escaped from a stash house through a rear window." (*Id.*) Two of the individuals "stated that while at the stash house, they were threatened by several individuals with firearms." (*Id.*) The individuals described the house then drove with agents to the neighborhood and identified the house to the agents. (*Id.*)

Later that evening, agents apprehended a second group of four people who "claimed to have escaped from the same stash house." (*Id.*) "Agents determined that the four individuals were citizens of another country with no legal authorization to be in the United States." (*Id.*) Agents interviewed individuals from both groups and learned the circumstances of their arrival into the country and that they had been threatened by persons at the stash house "if they did not pay the defendants an additional $5000 USD for smuggling fees." (*Id.*) "Law enforcement searched the house and located [Saul Castorena's] employer identification badge, . . . several firearms[,] and ammunition." (Doc. 153 at 2.) The immigrants "identified [Steven Castorena] as one of the occupants and caretakers of the stash house who monitored, provided instructions, and threatened them." (Doc. 152 at 2.)

**III.     Analysis of Other-Crimes Evidence Under Rule 404(b)**

Saul and Steven Castorena are charged with, *inter alia*, harboring aliens and conspiracy to harbor aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) & (v). (*See* Doc. 132.) To convict, the United States must establish: (1) "the alien has come to, entered, or remained in the United States unlawfully;" (2) Defendants knew "that the alien was not lawfully in the United States;"

(3) Defendants "concealed, shielded from detection, or harbored the alien;" and (4) they "intended the concealment, shield from detection or harboring to facilitate the alien's continued illegal presence." *See* 10th Circuit Pattern Instruction 2.04 (2021).

### A. Legal Standard

Rule 404(b) prohibits the introduction of "prior bad acts"—that is, evidence of a "crime, wrong, or act"—to prove that the defendant has a general propensity to act in such a manner. *See* Fed. R. Evid. 404(b)(1); *see also United States v. Shirley*, 214 F. Supp. 3d 1124, 1144 (D.N.M. 2016). The rule provides a non-exhaustive list of exceptions, however, which allows courts to admit "'other wrongs' evidence to be used for valid purposes 'such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" *See United States v. Lujan*, No. CR 05-0924 RB, 2011 WL 13210276, at *5, *6 (D.N.M. May 11, 2011) (quoting Fed. R. Evid. 404(b)(2)).

> Rule 404(b) requires a familiar four[-]part test:
> (1) evidence of other crimes, wrongs, or acts must be introduced for a proper purpose; (2) the evidence must be relevant; (3) the court must make a Rule 403 determination whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) the court, upon request, must instruct the jury that the evidence of similar acts is to be considered only for the limited purpose for which it was admitted.

*United States v. Diaz*, 679 F.3d 1183, 1190 (10th Cir. 2012) (quoting *United States v. Morris*, 287 F.3d 985, 990 (10th Cir. 2002)).

### B. Other-Crimes Evidence

The Government seeks to introduce evidence that Steven Castorena has a previous conviction for conspiracy to transport aliens in violation of 8 U.S.C. § 1324, *see United States v. Castorena*, 18-CR-2396-DB(1) (W.D. Tex. 2018), and that Saul Castorena has a previous conviction for conspiracy to transport aliens for financial gain and for transporting aliens for

3

financial gain in violation of 8 U.S.C. § 1324, *see United States v. Castorena*, 20-CR-1709-KC(1) (W.D. Tex. 2020). (Docs. 152 at 2; 153 at 2.)

### C. Application of Rule 404(b)'s Four-Part Test

The United States seeks to admit the Defendants' prior convictions under Rule 404(b) for a proper purpose: to show knowledge or absence of mistake or accident. (*See* Docs. 152 at 3; 153 at 3.) *See United States v. Morales-Quinones*, 812 F.2d 604, 611–12 (10th Cir. 1987). The Defendants' prior convictions for conspiracy to transport aliens and/or for transporting aliens is relevant to establish their knowledge that the individuals held at the stash house here were not lawfully in the United States. (*See* Docs. 152 at 3; 153 at 3.) As the issue of their knowledge is central, the probative value of the prior convictions is not outweighed by the risk of unfair prejudice. Defendants did not argue otherwise. Consequently, the Court will allow the Government to offer evidence of the prior conviction and will, upon request, give the jury an appropriate limiting instruction. *See Diaz*, 679 F.3d at 1190.

### IV. Analysis of Impeachment Evidence Under Rule 609

The Government intends, if either Saul or Steven Castorena testifies at trial, to impeach them with evidence of the same prior convictions under Rule 609(a). (*See* Docs. 152 at 4–5; 153 at 4–5.) "When the defendant is a witness in his own trial, the prosecution may introduce evidence of the defendant's past felony conviction to attack his character for truthfulness 'if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.'" *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) (quoting Fed. R. Evid. 609(a)(1)). "This 'special balancing test' is used because 'the defendant faces a unique risk of prejudice—*i.e.*, the danger that convictions that would be excluded under [Rule 404] will be

misused by a jury as propensity evidence despite their introduction solely for impeachment purposes.'" *Id.* (quoting Fed. R. Evid. 609, advisory committee's notes (1990 Amendments)).

The Tenth Circuit directs courts to consider the following five factors in deciding whether to admit evidence of conviction to impeach a defendant's character for truthfulness: "(1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial. *Id.* (citing 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 609.05[3][a] (Joseph M. McLaughlin, ed., Matthew Bender, 2d ed. 2013)). Defendants did not file a response brief in opposition to the Government's motions.

As it is unclear whether and how Defendants will testify at trial, the Court reserves ruling on the issue of whether the Government may introduce evidence of their prior convictions pursuant to Rule 609.

**THEREFORE,**

**IT IS ORDERED** that the Court will **GRANT** the Government's request to introduce Other Acts Evidence Pursuant to Rule 404(b) with respect to Saul and Steven Castorena (Docs. 152–53) and will **RESERVE RULING** on the Government's intent to use the convictions as impeachment evidence pursuant to Rule 609(a)(1).

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE